**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | Misc. No.: |
| ) | |
| v. ) | Civil Action No. 18-000145 (JMT-RT) |
| ) | (pending in the District of Hawaii) |
| SANDWICH ISLES COMMUNICATIONS, INC., ) | |
| ET AL. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**NON-PARTY UNIVERSAL SERVICE ADMINISTRATIVE COMPANY'S**
**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF ITS MOTION TO QUASH SUBPOENA AND**
**OBTAIN COSTS AND FEES[1]**

Non-Party Universal Service Administrative Company ("USAC") submits this Memorandum of Points and Authorities and the accompanying Declaration of Mitchell Calhoun in support of USAC's motion seeking: (1) an Order pursuant to Rule 45 of the Federal Rules of Civil Procedure ("FRCP") quashing the Subpoena to Testify at a Deposition in a Civil Action served on USAC by defendant Albert S. N. Hee ("Hee") in the matter pending in the District of Hawaii under Civil Action Number 18-145 (the "Subpoena"); (2) all costs and fees incurred in preparing the Motion to Quash; and (3) such other relief as this Court may deem just and proper.

---

[1] FRCP Rule 45 directs that motions to quash are to be filed in "the court for the district where compliance is required". Fed. R. Civ. P. 45(d)(3)(A) & (B). The Subpoena notices the deposition to take place in Washington D.C., as such, Washington, D.C. is the place for compliance and the District Court for the District of Columbia is the proper venue for this Motion.

1

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

**A. The Underlying Case Involves a Claim Being Pursued by the Department of Justice on Behalf of the U.S. Rural Utilities Service. USAC is not Involved.**

The underlying case was commenced in April 2018 by the United States, on behalf of the Rural Utilities Service ("RUS"), against Hee and Sandwich Isles Communications, Inc. ("SIC"), among others. The United States is seeking repayment of RUS's loan to SIC to finance SIC's acquisition and installation of the equipment needed for a telecommunications network in Hawaii. *See* Complaint, attached here as Exhibit "A" at ¶¶ 1-4; *see also* Declaration of Mitchell Calhoun ("Calhoun Decl.") at ¶ 8, attached here as Exhibit "B". The RUS program loan required that if SIC became insolvent, RUS would have a first priority interest on the company's property. According to the Complaint, SIC became insolvent in 2013, and SIC and Hee allegedly improperly transferred SIC funds to its affiliate entities in an effort to avoid repaying RUS. *See* Exh. A at ¶ 5. The Complaint seeks judgment against the defendants under various federal statutes and common law claims for money damages totaling more than $128 million incurred as a result of SIC's breach. *Id.* at ¶¶ 4, 78.

The Rural Utilities Service is part of the U.S. Department of Agriculture. It is not related to USAC in any way. *See* Calhoun Decl. at ¶ 9. USAC is a non-profit organization expressly created by the Federal Communication Commission ("FCC") to administer the federal government's $10 billion Universal Service Fund ("USF") program, established pursuant to 47 U.S. Code § 254. USAC derives both its existence and its authority from an FCC regulation, 47 CFR § 54.701(a), which appoints USAC as the permanent administrator of the USF.[2]

---

[2] Additional information regarding USAC and its function in administering the federal government's USF program is set forth in the Calhoun Declaration. *See* Calhoun Decl. at ¶¶ 2, 4.

**B. At the FCC's Direction, USAC Audited Certain Payments Made by USAC Under USAC's High Cost Support Program, Which is not Related to the Rural Utilities Service Loan at Issue in the Underlying Case.**

On August 5, 2015, the FCC directed USAC to have USAC's Internal Audit Division ("USAC Audit") undertake an investigation of SIC regarding amounts of support that USAC had disbursed to SIC from the federal High Cost Support Mechanism from 2002 through 2015. *See* Calhoun Decl. at ¶ 5.

On August 13, 2015, USAC Audit notified SIC that it had commenced an investigation to determine whether SIC complied with applicable FCC rules and related High Cost Program requirements. *Id.,* ¶ 5. The scope of the investigation focused on SIC's affiliate entities and transactions related to the High Cost Program, SIC's corporate structure, and testing over amounts reported for High Cost purposes affecting High Cost Program disbursements between 2002 and June 2015. *Id.* USAC's audit took approximately a year to complete, involved a team of auditors gathering 3,200 source documents and resulted in a 246-page report. All documents and information gathered during the audit came from SIC. *Id.* at ¶ 6.

USAC is not involved in the RUS program and its audit focused on SIC's compliance with the High Cost Program rules, not RUS rules and not RUS's loans to SIC. *Id.* at ¶ 9. USAC's audit did not relate to the RUS program or to the loans at issue in this case. Nonetheless, on May 28, 2021, Hee served USAC with the Subpoena, noticing a deposition of a USAC representative on June 10, 2021, to testify regarding "[a]ll audits of Sandwich Isles Communications, Inc. prepared by Universal Service Administrative Company", and seeking production of "[a]ll Sandwich Isles Communications audits and related documents."[3] A true and correct copy of the Subpoena is attached as Exhibit "C". The Subpoena included a Notice of Deposition, which sought testimony

---

[3] Hee subsequently clarified that he was not seeking the production of documents on June 10th, but that he would seek the production of any documents USAC utilized during the deposition.

3

regarding "matters known or reasonably available to the FCC regarding USAC's audits of Sandwich Isles Communications Inc." A true and correct copy of the Notice of Deposition is attached as Exhibit "D".

USAC's Associate General Counsel, Mitchell Calhoun, timely responded to the Subpoena on June 4, 2021, objecting on various grounds including relevance, undue burden and insufficient time to prepare. A copy of USAC's Objections is attached as Exhibit "E". Hee responded that he sought to depose someone at USAC to "defend the audit". Hee declined to provide any indication as to why the information sought was relevant and further declined to reschedule the deposition to a later date. A copy of the email exchange between Hee and Calhoun is attached here as Exhibit "F". Calhoun again asked Hee to narrow the scope of the subpoena, or alternatively to specify what information regarding USAC's audit of SIC or any other audits in connection with SIC Hee was seeking, as Calhoun's initial search of corresponding material produced 20,000 documents. *See id.* In addition, Calhoun confirmed Hee's position that he would not agree to postpone the deposition. Hee responded, continuing his refusal to narrow the scope of the deposition, and because he had waited until two weeks before the close of discovery to issue the Subpoena, advised **non-party** USAC to seek approval from the District Court of Hawaii to postpone the deposition, which in reality meant having a non-party to the litigation seek to extend the parties' discovery deadline. *See id.* In a final effort to avoid motion practice, Calhoun again reiterated that producing a witness on such short notice given the voluminous amount of records associated with an irrelevant audit was an undue burden, and would require significant preparation time, and again reminded Hee that USAC's audit findings and the basis for those findings were included in the final audit report which Hee is already in possession of. In addition, Calhoun advised Hee that USAC was not a party to the case and thus did not have standing to ask the District Court of Hawaii

to alter the discovery schedule. *See id; see also* Calhoun Decl. at ¶¶ 12-14.  Ignoring the substance of Calhoun's email, Hee reiterated that USAC could simply ask for more time to comply with the Subpoena.  *See* Exh. "F".

## **LEGAL STANDARD**

FRCP Rule 45(d)(3) requires the Court to quash or modify a subpoena when the subpoena "subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(iii)-(iv). Rule 45 also requires that non-parties be protected "from significant expense resulting from compliance" with a subpoena. Fed. R. Civ. P. 45(d)(2)(B)(ii).  In addition, Rule 26(b)(2) requires a court to limit discovery if the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or if the discovery is not "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(2)(C)(i), (iii).  Here, all of the aforementioned factors are at play: (1) Compliance with the Subpoena would subject USAC to an undue burden including the significant time and expense required to prepare a witness to testify as to the substance of a year-long audit and related 246 page report, and/or to subsequently produce documents implicated during the deposition; (2) Hee already has a copy of the audit which he seeks to question USAC about, and any information obtained by USAC in connection with the audit was obtained from SIC, a party to this litigation;[4] and (3) USAC's audit is not relevant to the claims or defenses in the underlying litigation. *See* Calhoun Decl. at ¶¶ 9, 12, 14

---

[4] Hee apparently was an officer and director of SIC at the time of the audit. *See* Exh. "A" at ¶¶ 20-21.

5

**ARGUMENT**

**I.     THE SUBPOENA FAILS TO COMPLY WITH FRCP RULE 30(B)(6).**

The Subpoena fails to comply with the requirements of FRCP Rule 30(b)(6) and should be quashed on that basis alone. Pursuant to FRCP Rule 30(b)(6), a party must "describe with reasonable particularity the matters for examination". Fed. R. Civ. P. 30(b)(6). To meet this standard, the 30(b)(6) notice must contain sufficient information to put the receiving party on notice of the areas of inquiry that will be explored in the deposition. If the party seeking testimony fails to meet that burden, the responding party has no obligation to product a witness. *See Alexander v. FBI (Alexander II)*, 186 F.R.D. 137, 140 (D.D.C. 1998).

Contrary to the requirements of 30(b)(6) however, the Subpoena vaguely states that the deponent must provide testimony regarding "all audits of Sandwich Isles Communications, Inc. prepared by Universal Service Administrative Company", while the Notice of Deposition equally vaguely states that the deponent must testify as to "matters known or reasonably available to the FCC regarding USAC's audits of Sandwich Isles Communications Inc." Neither of these requests describe with reasonable particularly the matters for examination.

**II.    THE SUBPOENA FAILS TO PROVIDE REASONABLE TIME TO COMPLY.**

Pursuant to FRCP Rule 45(d)(3)(A)(i), a court must quash a subpoena that fails to allow a reasonable time to comply. Although the rule does not define reasonable time for compliance, "reasonable seems to be related to the extent of the materials requested and the other underlying circumstances of the particular case." 9A Fed. Prac. & Proc. Civ. Section 2463.1 (3d ed.).

Hee issued the Subpoena on May 28, 2021, the Friday before Memorial Day. The Subpoena noticed a deposition of a USAC representative on June 10, 2021, *i.e.* eight business days later. The Subpoena sought testimony in connection with thousands of pages of documents and a

6

246 page report prepared six years ago. This does not afford USAC — a third party with no interest in this case — a reasonable amount of time to prepare a witness to testify in connection with the topics set forth in the Subpoena. *See e.g. Iconlab Inc. v. Valeant Pharms. Int'l (In re Third Party Subpoena to Malyugin)*, 310 F. Supp. 3d 3, 5 (D.D.C. 2018) (granting motion to quash subpoena on the grounds that it failed to provide non-party with a reasonable amount of time to comply).

### III. THE SUBPOENA SEEKS TESTIMONY REGARDING MATTERS IRRELEVANT TO THE UNDERLYING CASE.

In order to be enforceable, a subpoena must seek information relevant to the underlying case. *See U.S. Kellogg Brown & Root Servs., Inc.*, 284 F.R.D. 22, 36-37 (D.D.C. 2012) (noting that courts may deny discovery on "issues that stray too far away from the core facts of the case"). Stated otherwise, Rule 45 subpoenas may only be used to compel production of information that is discoverable under FRCP 26. *See AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 995 (D.C. Cir. 2014). The information sought in the Subpoena has no bearing on the issues in the underlying case. As set forth above, the case concerns SIC's breach of various agreements relating to the loans that RUS provided under a program that RUS administered for the Department of Agriculture. USAC administers different programs for a different federal agency, the FCC. It is not involved in the RUS program or its loans. Its 2015 audit focused on SIC's compliance with the FCC's High Cost Program rules, not the RUS program or loans. *See* Calhoun Decl. at ¶ 9.

Moreover, even if the information sought by Hee was relevant, which it is not, discovery even of relevant evidence is subject to the balancing of factors set forth in FRCP Rule 26, that measures value against burden. Thus, discovery of relevant evidence will be prohibited if: (1) the evidence is unreasonably cumulative or duplicative; (2) the evidence can be obtained from some other source that is more convenient, less burdensome or less expensive; (3) the party seeking the evidence has had ample opportunity to obtain the information through discovery in the action; and

(4) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action and the importance of the discovery in resolving the issue. Fed. R. Civ. P. 26(b)(2)(C). Here, a balancing of the factors set forth in FRCP Rule 26 —the least of which is the fact that Hee is already in possession of the audit, and has the ability to obtain all supporting documents from SIC — weighs in favor of USAC's Motion to Quash the Subpoena. It is simply unreasonable to put USAC to the burden of complying with a subpoena seeking information already available to Hee and which appears to be of marginal if any relevance to the claims and defenses in the underlying case.

### IV. THE SUBPOENA MUST BE QUASHED BECAUSE IT IMPOSES AN UNDUE BURDEN AND EXPENSE UPON NON-PARTY USAC.

In determining what constitutes an "undue burden", courts look to FRCP 26(b)(2)(c)(i), which directs courts to limit discovery that "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(c)(i); *See also Sourgoutis v. United States Capitol Police,* 323 F.R.D. 100, 115 (D.D.C. 2017) (granting motion to quash on the grounds that subpoena imposed an undue burden on deponent by revisiting topics that were already explored with other witnesses and of which the issuing party already had an opportunity to obtain information from a first-hand source, by deposing defendants familiar with the topics). Hee's Subpoena requesting a USAC representative to testify regarding "all audits of Sandwich Isles Communications, Inc. prepared by [USAC]", subjects USAC to an undue burden for the following reasons: (1) Hee is already in possession of the audit report and can easily obtain the underlying documents from SIC, a party to the litigation; (2) USAC's audit of SIC took over a year to complete, involved 3,200 source documents, a team of auditors, and resulted in a 246 page report, again, which Hee already has;

(3) an initial search of documents in connection with the audit identified approximately 20,000 documents and emails related to SIC which USAC would need to review with its designated deponent; and (4) Hee has not provided USAC adequate time to review and compile and prepare a witness to testify regarding a voluminous amount of documents and information. Any one of the aforementioned factors demonstrates the undue burden that would be imposed on non-party USAC if it is forced to comply with the Subpoena in its current form.

## V. USAC IS ENTITLED TO THE COSTS AND FEES INCURRED IN PREPARING THE MOTION TO QUASH.

FRCP Rule 45(d)(1) states in part that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." It also requires the court to "enforce this duty and impose an appropriate sanction which may include…reasonable attorney's fees – on a party or attorney who fails to comply." *Id.* The court also has inherent authority to award attorney's fees when a party has acted in bath faith, vexatiously, wantonly, or for oppressive reasons. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 44-46 (1991).

Over the course of several days and multiple communications, USAC attempted in good faith to confer with Hee regarding the overbroad scope and unreasonable timeline of the Subpoena. Although USAC explained why the audit was irrelevant to the underlying case, and why producing a witness on such short notice given the voluminous amount of records associated with the audit would constitute an undue burden on USAC, Hee declined to narrow the scope of the Subpoena, or to reschedule the deposition past June 10, 2021. Instead, Hee twice advised USAC, a non-party to the litigation, to petition the District Court of Hawaii to extend the discovery schedule, which binds Hee – rather than take steps himself to get a deadline extension or agree with the other parties to take the deposition after the deadline. Hee's unreasonable refusal to cooperate with USAC to

withdraw the Subpoena, or to modify the scope of the testimony sought and select a mutually agreeable date for the deposition inherently demonstrates Hee's failure to comply with the directives of FRCP Rule 45 and USAC should be awarded its fees and costs as a result.

## CONCLUSION

Wherefore, for the foregoing reasons, Universal Service Administrative Company respectfully requests that Hee's Subpoena be quashed and Universal Service Administrative Company be awarded the costs and fees incurred in preparing the Motion to Quash.

Respectfully submitted,

/s/ David Barmak
David Barmak (DC Bar # 236752)
Jennifer Budoff (DC Bar # 999396)
**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**
701 Pennsylvania Avenue N.W., Suite 900
Washington, D.C. 20004
(202) 434-7315
(202) 434-7400 (Facsimile)
DBarmak@mintz.com

Attorneys for Universal Service Administrative Company

113042636v.1